14-3417-cv
*Sorvillo v. St. Francis Preparatory School*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 20th day of April, two thousand fifteen.

Present:    ROBERT A. KATZMANN,
                       *Chief Judge*,
            ROSEMARY S. POOLER,
            SUSAN L. CARNEY,
                       *Circuit Judges.*

_____

ELIZABETH CUCINOTTA SORVILLO,

                       *Plaintiff-Appellant*,

JANE DOE, MARK EVANGELISTA,

                       *Plaintiffs*,

                       v.                              14-3417-cv

ST. FRANCIS PREPARATORY SCHOOL, FRANCISCAN BROTHERS OF BROOKLYN, BROTHER LEONARD CONWAY,

                       *Defendants-Appellees*,

VARIOUS MEMBERS OF THE ST. FRANCIS PREPARATORY SCHOOL BOARD OF TRUSTEES, whose names are currently unknown and thus designated as JAMES DOE 1XXX,

                       *Defendants*.

_____

For Plaintiff-Appellant:        Kevin T. Mulhearn, Kevin T. Mulhearn P.C., Orangeburg, NY.

For Defendants-Appellees:       Philip C. Semprevivo, Biederman Hoenig Semprevivo PC, New York, NY.


Appeal from the United States District Court for the Eastern District of New York (Johnson, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Elizabeth Cucinotta Sorvillo appeals from the August 15, 2014 dismissal by the Eastern District of New York (Johnson, *J.*) of a complaint she filed against her former employer, St. Francis Preparatory School ("St. Francis"), and others connected with the school. Specifically, Sorvillo's complaint alleged that she was defamed by statements made in a 2013 letter sent to alumni, parents, faculty members, administrators, trustees and others in the St. Francis community by St. Francis's principal, Brother Leonard Conway ("Brother Leonard"). In relevant part, the letter stated: (1) Brother Leonard had "received several disturbing emails from members of our community stating that the content of numerous recent 'blog' postings on [Sorvillo's] internet site [www.burnandrotinhell.com] are defamatory and have crossed over the line of free speech"; (2) he was "investigating those postings . . . with the assistance of legal counsel"; and (3) "[s]peech is not 'free' when its purpose is to bully, to convey hatred, or to spread malicious lies and unsubstantiated rumors." J.A. 57. We assume the parties' familiarity with the other relevant facts, the procedural history, and the issues presented for review.

We review the district court's dismissal of Sorvillo's defamation claims de novo, accepting all factual allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor. *See Adelson v. Harris*, 774 F.3d 803, 807 (2d Cir. 2014). On appeal, Sorvillo advances two primary arguments. First, she argues that the district court erred by

2

"erroneously characteriz[ing] [her] claim as one based on a defamatory implication."Appellant's Br. 17. Second, she argues that under the correct legal standard, the district court had no basis on which to dismiss her complaint.

To establish libel under New York law, a plaintiff must prove five elements: "(1) a written defamatory factual statement [of and] concerning the plaintiff; (2) publication to a third party; (3) fault; (4) falsity of the defamatory statement; and (5) special damages or *per se* actionability." *Chau v. Lewis*, 771 F.3d 118, 126–27 (citing *Celle v. Filipino Reporter Enters. Inc.*, 209 F.3d 163, 176 (2d Cir. 2000) (applying New York law)). "Whether particular words are defamatory presents a legal question to be resolved by the court[s] in the first instance." *Celle*, 209 F.3d at 177 (alteration in original) (quoting *Aronson v. Wiersma*, 483 N.E.2d 1138, 1139 (N.Y. 1985)). It is "the responsibility of the jury to determine whether the plaintiff has actually been defamed . . . [but] a threshold issue for resolution by the court is whether the statement alleged to have caused plaintiff an injury is reasonably susceptible to the defamatory meaning imputed to it." *Levin v. McPhee*, 119 F.3d 189, 195 (2d Cir. 1997) (internal citations omitted).

While a plaintiff generally must plead that the defendant made specific false statements of fact in order to make out a prima facie case of defamation, there are several exceptions to this rule. One exception is defamation by implication. Under New York law, defamation by implication is "premised not on direct [false] statements but on false suggestions, impressions and implications arising from otherwise truthful statements." *Armstrong v. Simon & Schuster, Inc.*, 649 N.E.2d 825, 829 (N.Y. 1995). Defamation by implication occurs where "[a] combination of individual statements which in themselves may not be defamatory might lead the reader to draw an inference that is damaging to the plaintiff." *Herbert v. Lando,* 781 F.2d 298, 307 (2d Cir. 1986).

Another exception to this general rule is mixed opinion-fact defamation (also sometimes referred to as "mixed opinion defamation"). Under New York law, a plaintiff may maintain a mixed opinion-fact defamation claim where he makes otherwise non-actionable statements of opinion, but where

> the statement of opinion implies that it is based upon facts which justify the opinion but are unknown to those reading or hearing it. . . . The actionable element of a "mixed opinion" is not the false opinion itself—it is the implication that the speaker knows certain facts, unknown to his audience, which support his opinion and are detrimental to the person about whom he is speaking.

*Steinhilber v. Alphonse*, 501 N.E.2d 550, 552–53 (N.Y. 1986) (internal citations and quotation marks omitted)**;** *see also* Restatement (Second) of Torts § 566 (1977) ("A defamatory communication may consist of a statement in the form of an opinion, but a statement of this nature is actionable only if it implies the allegation of undisclosed defamatory facts as the basis for the opinion."). That said, where "a statement of opinion . . . is accompanied by a recitation of the facts on which it is based or . . . does not imply the existence of undisclosed underlying facts," a mixed opinion-fact defamation claim is not actionable. *Gross v. N.Y. Times Co.*, 623 N.E.2d 1163, 1168 (N.Y. 1993).

While we agree with Sorvillo that the district court mischaracterized her complaint as one alleging "defamation by implication," rather than "mixed opinion-fact defamation," we nevertheless affirm the district court's dismissal of the defamation claim because, even under the correct standard, Sorvillo's complaint failed to state a claim upon which relief may be granted. *See Thyroff v. Nationwide Mut. Ins. Co.*, 460 F.3d 400, 405 (2d Cir. 2006) *(*"[W]e are free to affirm a decision on any grounds supported in the record."). First, as the New York Court of Appeals has held, "a statement of opinion that is accompanied by a recitation of the facts on which it is based or one that does not imply the existence of undisclosed underlying facts," is not

4

actionable. *Gross*, 623 N.E.2d at 1168. None of the three statements in the letter indicated that Brother Leonard had any additional facts upon which his opinions were based. To the contrary, the first statement in the letter expressly shared with the reader the basis of Brother Leonard's opinion, namely that he "received several disturbing emails from members of [the St. Francis] community stating that the content of numerous recent 'blog' postings on [an] internet site [were] defamatory." Nothing in this statement indicated that he had any additional facts other than those that had been presented by the e-mails he received from individuals within his community. The second statement asserts that Brother Leonard was in the process of investigating the postings and evaluating all potential remedial actions with St. Francis's legal counsel. Far from implying that Brother Leonard had any knowledge about Sorvillo that he was not sharing with his readers, the letter explained that he was in the process of gathering additional information. Finally, the third statement—that "[s]peech is not 'free' when its purpose is to bully, to convey hatred, or to spread malicious lies and unsubstantiated rumors"—is pure opinion and does not concern or imply any facts about Sorvillo.

In addition, even a mixed opinion-fact defamation claim must be "of and concerning" the plaintiff. *See Kirch v. Liberty Media Corp.*, 449 F.3d 388, 399–400 (2d Cir. 2006) (noting that "[t]he 'of and concerning' requirement stands as a significant limitation on the universe of those who may seek a legal remedy for communications they think to be false and defamatory and to have injured them."). Here, as the district court correctly explained, the allegedly defamatory statements were made about the authors of the blog posts, and were not "of and concerning " Sorvillo in her capacity as the manager of the website www.burnandrotinhell.com.

Because we conclude that Sorvillo's complaint failed to state a claim, we need not consider the defendants' argument that Brother Leonard's statements were protected by a

5

qualified privilege. We have considered Sorvillo's remaining arguments and find them to be without merit. For the reasons given, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK